NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EDWARD WOLMER, PETITIONER, v. PUBLIC SERVICE
PRODUCTION COMPANY, RESPONDENT.

For the petitioner, *Michael Breitkopf.*

For the respondent, *Henry J. Sorenson.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

That on the 14th day of February, 1925, the petitioner was employed by the respondent as an iron worker, doing work in a Kearny power station, located in Kearny, New Jersey. While engaged in his regular work, the petitioner was struck upon his head by a snap which blew off an air gun. This snap struck the petitioner over the right eye. He was immediately removed to the Jersey City Hospital where he remained until about the 11th day of March, 1925. At the time of this hearing, the respondent had compensated the petitioner for whatever temporary disability he suffered and has further compensated the petitioner for the total loss of vision of the right eye. Under the petition as filed, the only claim for compensation is made upon the basis of the loss of vision of the right eye and for the loss of five teeth. At the time of hearing, the petition was amended so as to include also a partial loss of vision of the left eye, so that the issue as framed by the pleadings and the facts in this case involves only a question whether the petitioner suffered a loss of vision of the left eye and the loss of five teeth as a result of his alleged accident.

Dr. Morris Klein, testified that he examined and treated the petitioner, and for the purpose of his treatment, he secured a history of the alleged accident. As a result of his examination, he found a total loss of sight of the right eye and a partial loss of vision of the left eye. He found that there was a stigmatism present in the left eye and also partial optic nerve atrophy. He further found that the field of vision of the left eye was narrowed on the nasal side. This condition did not improve with treatment. There was present in the right eye a glaucoma, but not in the left eye. The refraction in the left eye was irregular and he also found a hyperopia present which is congenital in the greatest number of cases. He testified that as a result of the blow the petitioner is suffering from a loss of two-thirds of the vision of his left eye. On behalf of the respondent, Dr. Wyatt, a roentologist, practicing in the city of Newark, testified that he had taken X-rays of the head of Edward Wolmer. These X-rays disclosed that the right and left frontal sinuses are large and clear. The sphenoidal sinus is clear. The ethmoid cells of the right and left sides are clean. There is a haziness in the right anterim but the left anterim is clear. The nasal septum is straight. His final radiographic diagnosis was right maxillary sinusitis. Dr. Elbert S. Sherman, a specialist on the eye, testified that he had made several examinations of the petitioner, which examinations disclosed that the vision of the right eye was reduced to industrial blindness, showing a loss of about one hundred per cent. In reference to the left eye, his examination disclosed that there was an impaired vision which was due to a fairly large amount of hyperopia with a stigmatism, which condition, when it is corrected with a suitable glass, the vision is within sixteen per cent. of normal. Dr. Sherman further testified that there is no connection between the alleged accident and the condition of the left eye. Dr. Alexander Smith, also a specialist on the eye, testified that he had examined Edward Wolmer on September 12th, 1928. His examination revealed that the condition of the left eye evidenced high hyperopia, coupled with amblyopia, ex-anopsia, or what is commonly known as "lazy eye."

He further testified that there was no connection whatever between the alleged accident and the condition which was present in the left eye. Dr. Holmes, also a specialist, testified to the same findings as made by Dr. Sherman and Dr. Smith, and came to the same conclusion that the disability to the left eye was in nowise connected with the alleged accident.

The evidence as presented in the trial of this matter disclosed a sharp factual question in the proof of which the petitioner must sustain the burden. In this respect, I feel that he has failed.

\* \* \* \* \* \* \*

CHARLES E. CORBIN,
*Deputy Commissioner.*